## S. & L. PAINTING CONTRACTORS, INC.
### *v.* J. D. VICKERS et al

79-259                                    589 S.W. 2d 196

Substituted opinion on denial of rehearing
delivered January 14, 1980
[Rehearing denied December 10, 1979.]

*Gibson & Gibson, P.A.,* by: *R. Bynum Gibson, Jr.,* for appellant.

*Gill & Johnson,* by: *B. Kenneth Johnson,* for appellees.

DARRELL HICKMAN, Justice. The only issue before us is the application of the Arkansas Wingo Act. That law essentially provides that foreign companies must register with the

Secretary of State to do business in Arkansas. Failure to register subjects the foreign corporation to the possibility of a fine and makes its contracts unenforceable. Ark. Stat. Ann. §§ 64-1201, 1202 (Repl. 1966). See Note, 25 *Ark. La. Rev.* 578 (1972).

The chancellor held that the appellant, a Mississippi corporation not authorized to do business in Arkansas, could not recover for work done in Arkansas for an Arkansas resident.

We affirm that decision.

The facts are essentially undisputed. The appellant does virtually all its business in Mississippi and less than 1% of its business in Arkansas. It is not registered to do business in the State of Arkansas as required by law; the company's officers did not know of the requirement. Its agents came to Arkansas and entered into a contract in Arkansas to do some work on a residence near Lake Village.

The appellant was not paid for its work and filed an action to impose a lien against the Arkansas residence. The owners, J. D. Vickers and Susan Smith Vickers, as well as several mortgage holders were joined as parties. The Vickers were later divorced and Susan Vickers was deeded the residence. Relying on the Wingo Act, she denied that the appellant could impose a lien and recover on it.

In several decisions we have discussed the Wingo Act. In *Pacific National Bank* v. *Hernrich*, 240 Ark. 114, 398 S.W. 2d 221 (1966), we held that a contract between a non-complying foreign corporation and an Arkansas resident was not merely unenforceable but void *ab initio*. In *Worthen Bank & Trust Co.* v. *United Underwriters*, 251 Ark. 454, 474 S.W. 2d 899 (1971), we said:

> The purpose of the statute is not to permit such corporations to *avoid* liability under such contracts, but the assignment or otherwise, and to put prospective purchasers or assignees on notice that such contracts, even when negotiable or valid on their face, are void and

unenforceable even in the hands of what would otherwise appear to be a bona fide purchaser for value.

The chancellor was correct. This was not an interstate commerce transaction that would make the Wingo Act inapplicable.

There are two other questions raised. Susan Vickers filed a counterclaim against the appellant seeking $2,000.00 damages for alleged negligent workmanship by the appellant. Counterclaims or setoffs are mandatory in Arkansas. Ark. Stat. Ann. § 27-1121 (Repl. 1979); Arkansas Rules of Civil Procedure, Rule 13.

The appellant argues that the appellee, Susan Vickers, waived her remedy under the Wingo Act by filing a counterclaim. It was later dismissed by the chancellor. We hold that appellee did not waive her remedy under the Wingo Act when she filed a counterclaim.

The Colonial Bank of New Orleans, claiming to hold a mortgage on the residence, joined the Vickers' move to have the complaint dismissed. The appellant argues that the bank, because it was not in privity of contract with appellant, had no standing to claim such relief. The bank, however, had a mortgage of record to land on which the appellant sought to impose a lien. The validity of the Bank's mortgage is contested by appellant. Whether the mortgage is enforceable would be relevant to establishing priority between the bank and appellant only if the appellant had a valid claim to a lien. We hold that because of appellant's failure to obey the Wingo Act, it can enjoy no rights under the contract it made in Arkansas and that this disability extends to a priority contest between the non-complying foreign corporations and creditors of the Arkansas resident even though they are not in privity of contract with the debtor.

This is no greater an expansion of the Wingo Act than allowed in *Pacific National Bank* v. *Hernrich, supra,* and *Union Planter's Bank* v. *Moore,* 250 Ark. 272, 464 S.W. 2d 786 (1971), where we held that the Wingo Act voided the claims on a negotiable instrument of a party who would

otherwise have been a holder in due course.

Affirmed.

STROUD and MAYS, JJ., not participating.